# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE HENRY, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-1737 |
| v. | : | |
| KERRY KERSCHNER, CYNTHIA LINK, and DARINA VARINA, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                          May 4, 2018

A state prisoner brings the instant action under 42 U.S.C. § 1983 against three officials from a former state correctional institution in which he was incarcerated. These official and individual capacity claims appear to arise out of the plaintiff's assertion that the defendants did not appropriately respond to his mental health needs after he was physically and sexually assaulted by a male correctional officer in 2015. He also attempts to assert claims that the defendants failed to act in accordance with the Prison Rape Elimination Act and related prison policies and guidelines. The plaintiff seeks leave to proceed *in forma pauperis*.

As discussed in more detail below, the court will allow the plaintiff to proceed *in forma pauperis*, but must dismiss the complaint because (1) the Eleventh Amendment bars the plaintiff's claims against the defendants in their official capacities; (2) there is no private right of action under the Prison Rape Elimination Act; and (3) he has failed to state a plausible claim against these defendants for their purported deliberate indifference to his serious medical needs. Although the court will not allow the plaintiff to file an amended complaint concerning the official capacity claims or his Prison Rape Elimination Act-related claims, the court will grant

him leave to file an amended complaint to the extent that he can allege a plausible deliberate indifference claim against the defendants.

## I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Dwayne Henry ("Henry"), commenced this action by filing an application to proceed *in forma pauperis* and a proposed complaint against the defendants, Cynthia Link ("Link"), Kerry Kerschner ("Kerschner"), and Darina Varina ("Varina"), in their official and individual capacities, on or about April 21, 2018.[1] In the complaint, Henry alleges that on August 7, 2015, he was incarcerated at the State Correctional Institution – Graterford ("SCI – Graterford"). *See* Compl. at 1, 2. On this date, a correctional officer named Germain Wright ("Wright") entered Henry's cell, locked the door behind him, and struck Henry in the face with a closed fist.[2] *Id.* at 2. Wright then grabbed Henry's penis and testicles with one hand and struck him several more times with his other hand. *Id.*

On August 26, 2015, Henry filed an inmate grievance regarding Wright's "'Physcal [sic] and Sexual' Attack." *Id.* at Exs. A-C. Kerschner, the assistant superintendent at SCI – Graterford and the individual responsible for reviewing inmate grievances, rejected the grievance on September 3, 2015, because it was untimely. *Id.* at 1, 2 & Exs. D, E. Kerschner also failed to report the incident as allegedly required by prison policies implementing the Prison Rape Elimination Act of 2003 ("PREA"). *Id.* at 2.

---

[1] The federal "prisoner mailbox rule" provides that a pro se prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275-76 (1988). Although the doctrine arose in the context of habeas corpus petitions, the Third Circuit has extended it to civil actions brought under 42 U.S.C. § 1983. *See Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in section 1983 action and determining that pro se prisoner plaintiff filed complaint on date he signed it). Unfortunately, Henry failed to include a declaration with the complaint in which he states that he provided the complaint to prison authorities on a particular date. It appears that he signed the complaint on April 21, 2018, and the filed documents were mailed on April 23, 2018. *See* Compl. at ECF pp. 7, 8, Doc. No. 1; Doc. No. 1-1. The court will give Henry the benefit of the doubt at this stage and deem the complaint to be filed as of April 21, 2018.

[2] The court notes that Henry's allegations against Wright form the basis of another lawsuit currently pending before the undersigned at Civil Action No. 17-2288.

2

Henry appealed from Kerschner's initial denial of his grievance to Link, who was the superintendent at SCI – Graterford and the individual responsible for reviewing inmates' appeals from grievance denials. *Id.* at 1, 2 & Exs. F-I. Link denied the appeal, agreeing with Kerschner that Henry did not timely file the grievance.[3] *Id.* at 2 & Ex. I. In the denial, Link indicated that "[t]he incident is being investigated by OSII." *Id.* at Ex. I.

After Link denied the appeal, Henry filed a "Final Appeal" on October 1, 2015, which also indicated that Wright had sexually assaulted him. *Id.* at 2 & Exs. J-N. On October 15, 2015, Varina, the "Chief Grievance Officer" at SCI – Graterford, dismissed the "Final Appeal." *Id.* at 1, 2 & Ex. O. Henry asserts that in denying the appeal, Varina misled him "to believe that his claim of being sexually assaulted was being investigated and not being ignored." *Id.* at 2.

On January 24, 2018, more than two years after the denial of the "Final Appeal," Henry had an initial interview with a psychologist after he was transferred to SCI – Smithfield. *Id.* at 3. During this interview, the psychologist asked Henry if he had ever been sexually abused during his incarceration. *Id.* Henry described the incident with Wright in August 2015, and indicated that "since this incident [he] has been expereancing [sic] anxiety, trouble sleeping at night due to nightmares of the incident, depression to the point of thinking suicidal [sic], and sometimes not eating for days." *Id.* (alteration to original). In response to Henry's statements, the psychologist informed him that she had to report this incident to the security department and initiate a PREA investigation. *Id.* The psychologist also offered Henry counseling and stated that he could also receive psychological treatment from an outside local hospital.[4] *Id.*

---

[3] Henry alleges that Link denied the appeal because it was frivolous. *See* Compl. at 2. The attached appeal denial, however, shows that Link simply agreed with Kerschner that Henry's grievance was untimely. *See id.* at Ex. I. Nonetheless, the court has taken Henry's allegation as to the reason for Link's denial as true for purposes of this memorandum opinion.

[4] Documents attached to the complaint indicate that Henry completed the necessary written consent so he could receive counseling services. *See* Compl. at Ex. P.

3

Henry later met with the same psychologist on February 6, 2018, during which the psychologist stated that SCI – Smithfield's security staff contacted SCI – Graterford's security staff and was informed that no PREA investigation was done and the prison did not file a PREA report in accordance with the policies implementing PREA.[5] *Id.*

Based on the aforementioned allegations, Henry filed the instant action seeking damages under 42 U.S.C. § 1983 against the defendants because they are "liable for a deliberate indifference violation by reason of there [sic] failure to report and provided [sic] [him] with psychological treatment when they were informed of a sexual assault." *Id.* at 4 (alteration to original). In this regard, Henry essentially alleges that once the defendants learned about Wright's sexual assault via Henry's grievances and appeals, they showed deliberate indifference to his serious mental health needs by failing to inform him of or refer him for psychological counseling. *Id.* at 4-6. He also seeks to bring a claim based on the defendants' "failure to follow there [sic] own rules, regulations, and policies concerning 'PREA,'" which require reporting and investigation of sexual assaults and providing medical treatment to the victim of the assault. *Id.* at 5.

As already noted above, Henry attached copies of his grievances and appeals as exhibits to the complaint. Those exhibits reflect that Henry reported the sexual assault and that prison officials indicated that his claims were being investigated. Nonetheless, the grievances and appeals did not describe Henry's injuries or mention any mental health concerns that Henry experienced as a result of the assault with the exception of a grievance submitted on August 26,

---

[5] Despite this allegation, Henry has attached to the complaint an "Inmate's Request to Staff Member" form in which he states: "The other day you informed me that security directed you not to process the PREA because an abuse allegation investigation was done which resulted in the officer being terminated." *See* Compl. at Ex. Q. The court cannot discern how Henry interprets this to mean that no investigation was done or that a PREA report was not filed by SCI – Graterford. Nonetheless, the court has taken Henry's statement that no investigation occurred as true for purposes of this opinion.

2015, which alluded to "mental health issues" that he was experiencing in connection with the attack. *Id.* at Ex. C.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131-32 (3d Cir. 2008) (per curiam) (alteration to original) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that he or she is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court

5

costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (alteration to original) (internal citations omitted).

Here, after reviewing the IFP Application and inmate trust fund account statement, it appears that Henry is unable to pay the costs of suit. Therefore, the court will grant Henry leave to proceed *in forma pauperis*.[6]

B.  **Review of the Complaint Under 28 U.S.C. § 1915(e)(2)(B) and Sua Sponte Review for Subject-Matter Jurisdiction**

Because the court has granted Henry leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief."). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085.

Concerning the review under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a

---

[6] Since Henry is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b), even if the court ultimately dismisses this action.

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

In addition, the court has the authority to examine the court's subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As a plaintiff commencing an action in federal court, Henry bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006))).

Here, after reviewing all of the allegations and exhibits attached to the complaint, the court must dismiss the complaint. As for Henry's claims against the defendants in their official capacities, the Eleventh Amendment bars these claims. The Eleventh Amendment serves as "a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996). The Eleventh Amendment bars a

party from seeking monetary damages from a state official acting in his or her official capacity unless "waiver by the State or valid congressional override." *See Kentucky v. Graham*, 473 U.S. 159, 169 (1984) ("[T]he Eleventh Amendment bars a damages action against a State in federal court[, and t]his bar remains in effect when State officials are sued for damages in their official capacity."); *see also Slinger v. New Jersey*, 366 F. App'x 357, 360 (3d Cir. 2010) ("This immunity further extends to employees of th[e state] agency sued in their official capacities." (alteration to original)).

By enacting section 1983, Congress did not intend to abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979) (stating that "§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States"). Additionally, the Commonwealth of Pennsylvania has enacted 42 Pa. C.S. § 8521(b), which expressly indicates that the Commonwealth has not waived its Eleventh Amendment immunity from suit in federal courts. *See* 42 Pa. C.S. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."); *see also Lavia v. Pennsylvania Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that Pennsylvania has not waived Eleventh Amendment immunity).

As the Department of Corrections is a state agency of the Commonwealth of Pennsylvania, *see* 71 P.S. § 310-1, SCI – Graterford is a part of the Department of Corrections, and the defendants are state officials at SCI – Graterford, the defendants are entitled to Eleventh Amendment immunity with regard to Henry's damages claims against them in their official

capacity. *See Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990) (stating that the Eleventh Amendment "also bars a suit against state officials in their official capacity, because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury"); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." (internal citation omitted)). Pennsylvania has not waived the defendants' Eleventh Amendment immunity. *See* 1 Pa. C.S. § 2310 ("[I]t is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity."). Therefore, the court will dismiss Henry's claims for monetary damages against the defendants in their official capacities.

Concerning Henry's purported claims based on PREA and other related policies and regulations, his allegations fail to give rise to a plausible claim for relief. "'While the PREA was intended in part to increase the accountability of prison officials' and to protect the Eighth Amendment rights of Federal, State, and local prisoners, nothing in the language of the statute establishes a private right of action.'" *Walsh v. N.J. Dep't of Corr.*, No. CIV. A. 17-2442 (JBS-AMD), 2017 WL 3835666, at *4 (D.N.J. Aug. 31, 2017) (quoting *Amaya v. Butler*, No. 16-CV-1390, 2017 WL 2255607, at *5 (S.D. Ill. May 23, 2017)); *see also Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. 2015) (per curiam) ("[O]ther courts addressing this issue have found that the PREA does not establish a private cause of action for allegations of prison rape."); *Peterson v. Burris*, No. 14-CV-13000, 2016 WL 67528, at *2 (E.D. Mich. Jan. 6, 2016) ("Numerous Courts

9

that have addressed this issue have determined that the PREA provides no private right of action to individual prisoners." (citations omitted)). Therefore, a "[p]laintiff cannot[] . . . bring a private action to enforce obligations set forth in the PREA, whether through the statute itself or through [an] attempt to enforce the DOC PREA policy via section 1983." *Bowens v. Emps. of the Dep't of Corr.*, No. CIV. A. 14-2689, 2016 WL 3269580, at *3 (E.D. Pa. June 15, 2016), *aff'd sub nom.*, *Bowens v. Wetzel*, 674 F. App'x 133, 137 (3d Cir. 2017) ("But as the District Court correctly concluded, Bowens may not attempt to enforce statutes [such as the PREA] or policies that do not themselves create a private right of action by bootstrapping such standards into a constitutional deliberate indifference claim." (alteration to original)). Accordingly, the court will dismiss with prejudice Henry's claims based on allegations that the defendants failed to comply with PREA or any policies or regulations implementing PREA, as he cannot cure the defects in those claims.

Finally, regarding Henry's deliberate indifference claims, he has also failed to state a plausible claim against the defendants. As noted above, Henry cannot state a deliberate indifference claim based on the defendants' alleged failure to comply with policies or regulations enforcing PREA. Nonetheless, Henry also appears to be alleging that the defendants were deliberately indifferent to his mental health needs by failing to inform him that he could receive psychological counseling after he informed them of Wright's sexual assault.

To state an Eighth Amendment claim, a plaintiff must establish "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could

be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A serious medical need "must be such that failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death. Moreover, the condition must be one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Wolosyzn v. Cty. of Lawrence*, 396 F.3d 314, 320 (3d Cir. 2005). "A mental illness may constitute a serious medical need." *Goodrich v. Clinton Cty. Prison*, 214 F. App'x 105, 111 (3d Cir. 2007) (citing *Inmates of the Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 763 (3d Cir. 1979)).

Here, the allegations and exhibits attached to the complaint reflect that the defendants learned via grievances and appeals that Henry was sexually assaulted. One of those grievances alluded to unspecified "mental health issues" that Henry was experiencing in connection with the attack. *See* Compl. at Ex. C. Despite receiving this information, the defendants allegedly failed to inform Henry of the availability of counseling services. Those facts do not establish that the defendants were deliberately indifferent to Henry's serious medical needs.

There are no allegations in the complaint that would demonstrate that the defendants are medical professionals. At most, they were alerted to the fact that Henry was experiencing unspecified "issues" with his mental health following the assault. Nothing in the complaint, however, suggests that the defendants prevented Henry from obtaining treatment through the medical department to address those needs, or that treatment was unavailable. The fact that the defendants did not affirmatively suggest to Henry that he pursue counseling or otherwise advise

that counseling services were available does not constitute deliberate indifference.[7] Accordingly, Henry has failed to state a plausible claim for an Eighth Amendment violation against the defendants.

### C. Leave to Amend

A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). In particular, the court notes that "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).

Here, Henry cannot file an amended complaint that would remedy the deficiencies with respect to his official capacity claims against the defendants or his claims for violations of PREA or other PREA implementing policies. Nonetheless, in light of the lenient standard for allowing at least one amended pleading in civil rights cases such as the instant one, the court will grant Henry leave to file an amended complaint should he be able to assert a plausible claim against the named defendants for deliberate indifference.[8]

---

[7] To conclude otherwise would mean that any prison official who becomes aware of a sexual assault on an inmate via the grievance process violates the Constitution by failing to inform the inmate of the psychological services available to the inmate.

[8] The court notes that Henry also has another potential hurdle to overcome should he desire to file an amended complaint in this case. Per the exhibit attached to the complaint, Henry indicated that he was suffering from unidentified mental health issues as of August 26, 2015. *See* Compl. at Ex. C. The statute of limitations for section 1983 actions "is governed by the personal injury tort law of the state where the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Since Henry's claims arose in Pennsylvania, the court applies Pennsylvania's relevant limitations period, which in this case is two years. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (stating that "[t]he statute of limitations applicable to § 1983 claims in Pennsylvania is two years" (citation omitted)). This two-year limitations period "accrues when the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (alteration to original). "The cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace*, 549 U.S. at 391.

     Here, it appears that Henry knew that he was suffering from mental health issues arising from Wright's assault as of August 26, 2015, and the other attached grievance and appeal documents show that he finished

## III. CONCLUSION

For the foregoing reasons, the court will dismiss Henry's official capacity claims against the defendants without prejudice because the Eleventh Amendment bars the claims. The court will also dismiss with prejudice his claims based on the PREA. The court will, however, grant Henry leave to file an amended complaint to assert a plausible deliberate indifference claim should he be able to do so.

The court will enter a separate order.

BY THE COURT:


_/s/ Edward G. Smith_
EDWARD G. SMITH, J.

---

pursuing his grievance and appeals by mid-October 2015. To the extent that Henry believes that the defendants should have affirmatively acted to provide him with mental health treatment upon receipt of his grievance, it appears that the statute of limitations has run on such a claim since he did not file the instant action until April 2018, well beyond the two-year period after any cause of action accrued.