IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE HENRY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-1737 |
| | : | |
| v. | : | |
| | : | |
| KERRY KERSCHNER, CYNTHIA LINK, | : | |
| and DARINA VARINA, | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 4th day of May, 2018, after considering the application to proceed *in forma pauperis*, prisoner trust fund account statement, and proposed complaint filed by the *pro se* plaintiff, Dwayne Henry (Doc. Nos. 1, 3, 4); and for the reasons set forth in the separately filed memorandum opinion; accordingly, it is hereby **ORDERED** as follows:

1. The application to proceed *in forma pauperis* (Doc. No. 3) is **GRANTED** and the plaintiff has leave to proceed *in forma pauperis*;

2. The plaintiff, Dwayne Henry, #GY-8569, shall pay the full filing fee of $350.00 in installments, pursuant to 28 U.S.C. § 1915(b). Based on the financial information provided by the plaintiff, an initial partial filing fee of $14.84 is assessed. The superintendent or other appropriate official at SCI – Smithfield or at any other prison at which the plaintiff may be incarcerated is directed to deduct $14.84 from the plaintiff's inmate trust fund account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106, to be credited to Civil Action No. 18-1737. After the initial partial filing fee is collected and until the full filing fee is paid, the superintendent or other appropriate official at SCI –

Smithfield or at any other prison at which the plaintiff may be incarcerated, shall deduct from the plaintiff's account, each time that the plaintiff's inmate trust fund account exceeds $10, an amount no greater than 20 percent of the money credited to his account during the preceding month and forward that amount to the clerk of the court at the address provided above to be credited to Civil Action No. 18-1737;

3. The clerk of court is **DIRECTED** to send a copy of this order to the superintendent of SCI – Smithfield;

4. The complaint is **DISMISSED** as follows:

   a. The plaintiff's official capacity claims against the defendants are **DISMISSED WITHOUT PREJUDICE**;

   b. The plaintiff's claims based on the Prison Rape Elimination Act are **DISMISSED WITH PREJUDICE**; and

   c. The plaintiff's deliberate indifference claims are **DISMISSED WITHOUT PREJUDICE** to amendment in accordance with paragraph five (5) of this order;

5. The plaintiff is given leave to file an amended complaint within thirty (30) days of the date of this order. If the plaintiff files an amended complaint, he shall name all defendants in the caption of the amended complaint in addition to the body of the amended complaint and state how each defendant was responsible for violating his rights. Any amended complaint must be a complete document that does not rely on the plaintiff's initial complaint and exhibits to state a claim. Upon the filing of an amended complaint, the clerk of court shall not make service until so ordered by the court;

6. The clerk of court is **DIRECTED** to send the plaintiff a blank form complaint to be used by a prisoner filing a civil rights action bearing the civil action number for this case; and

7. If the plaintiff fails to timely file an amended complaint in accordance with paragraph five (5) of this order, the court may dismiss his case for failure to prosecute without further notice to him.

BY THE COURT:


_/s/ Edward G. Smith_
EDWARD G. SMITH, J.